# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (NORTHERN DIVISION)

| | |
|---|---|
| **KEY HARBOR, LLC** ) <br> *d/b/a* **JAWS MARINE**, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> *v.* ) <br> ) <br> **RANDOLPH BENNETT**, ) <br> ) <br> *Defendant*, ) <br> ) <br> **YP 680,** ) <br> ) <br> **YP 677,** ) <br> ) <br> *Garnishees*. ) <br> ) | Case No. <br><br> In Admiralty |

## PLAINTIFF KEY HARBOR, LLC'S VERIFIED COMPLAINT

Plaintiff Key Harbor, LLC ("Key Harbor") hereby brings this admiralty action, *quasi in rem*, against Defendant Randolph Nathaniel Bennett under FED. R. CIV. P. SUPP. B. Key Harbor requests that the Court issue writs of maritime attachment and garnishment against Garnishees YP 680 and YP 677 and states as follows:

## JURISDICTION & VENUE

1. This is an admiralty action in the Court's original jurisdiction. *See* U.S. CONST. art. III, § 2, cl. 2; 28 U.S.C. § 1333; and FED. R. CIV. P. 9(h); *see also The Belfast*, 74 U.S. 624, 642–46 (1825).

1

2. Venue is proper in the United States District Court for the District of Maryland because YP 680 and YP 677 are located in Maryland; therefore, they are "found within the district." *See* LAR(b)(1).

3. Attachment is justified under Supplemental Rule B of the Federal Rules of Civil Procedure. Key Harbor diligently searched for Mr. Bennett and his resident agent in this district but only found one address under his name in the Yellow Pages: 14613 Cambridge Drive, Upper Marlboro, Maryland 20772 (Prince George's County, Maryland). Mr. Bennett purchased this property on March 22, 2002, and sold it on September 24, 2018. Mr. Bennett, therefore, cannot be found within the district. *See* FED. R. CIV. P. SUPP. B(1)(A); LAR(b)(1); Ex. C.

4. The equities under Supplemental Rule B(1)(A) also justify attachment. The United States Court of Appeals for the Fourth Circuit held that the equities only favor denying or vacating attachment under Rule B in limited circumstances: when the defendant is subject to *in personam* jurisdiction in the same district, when the defendant is subject to *in personam* jurisdiction in an adjacent district, and when the plaintiff has sufficient security before attachment. *See Vitol v. Primose, Shipping Co.*, 708 F.3d 527 (4th Cir. 2013); *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 46 F.3d 434, 443–445, 447 (2d Cir. 2006). None of these exceptions apply. *See* FED. R. CIV. P. 1; *cf.* George Rutherglen, *The Contemporary Justification for Maritime Arrest and Attachment*, 30 WILLIAM & MARY L. REV. 541, 578 (1989).

5. Mr. Bennett is not subject to *in personam* jurisdiction in the District of Maryland as set forth in Paragraph 3 *supra*. Ex. C.

6. There is no *in personam* jurisdiction in an adjacent jurisdiction that is convenient for Key Harbor to litigate this matter. Mr. Bennett and his wife, Lillian C. Bennett, own a residential property at 14 Turnstone Court, Stafford, Virginia 22556 (Stafford County, Virgnia). Ex. D. The adjacent district exception does not automatically apply in any scenario where the defendant ostensibly resides in a proximate district—this exception itself is "limited" by the equities. The equities go against applying the adjacent district exception in this case for three reasons. First, the equities go against applying the adjacent district exception because the only plausible adjacent district where this case could be litigated is highly inconvenient. Although Mr. Bennett ostensibly resides within the jurisdiction of the United States District Court for the Eastern District of Virginia, this is not a prototypical "over the river" case. The Eastern District of Virginia is far more remote from the District of Maryland, than, for example, the Eastern District of New York from the Southern District of New York. *See Aqua Stoli Shipping Ltd.*, 46 F.3d at 443–445.

7. Second, the equities go against applying the adjacent district exception because Mr. Bennett is neither physically nor functionally "at home" in an adjacent district—his contacts are too weak. As a matter of law, the adjacent district exception should be incognizable unless, as a threshold matter, the adjacent district in question is either the defendant's principal place of residence or his principal place of business. As a matter of procedural common law, this rule is sensible because it balances administrative simplicity with predictability. *Cf.* FED. R. CIV. P. 1; *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Neither of those conditions are satisfied here. Upon information and belief, the United States Virgin Islands is Mr. Bennett's principal place of residence and his principal place of business. Evidence acquired through Key Harbor's diligent search supports this belief. Mr. and Mrs. Bennett's real property records shows that

their principal residence is 3-6C Bonne Esperance, St. Thomas, United States Virgin Islands 00802. Ex. E. Mr. Bennett has a Virgin Islands driver's license. Ex. A at p. 3.[1] Mr. Bennett's Facebook and LinkedIn pages both indicate that he resides in St. Thomas, Virgin Islands. Ex. F; Ex. I. Mr. Bennett currently serves as the St. Thomas District Chair for the Democratic Party of the Virgin Islands. Ex. J. Mr. Bennett's current occupation is unknown. His LinkedIn page lists his most recent employment as Commissioner of Property and Procurement for the United States Virgin Islands, but that position terminated in 2017. Ex. I. At any rate, Key Harbor found no evidence that Mr. Bennett does any work whatsoever in Virginia or that he actually resides there now.

8. Third, the equities go against applying the adjacent district exception because of Key Harbor's fear that Mr. Bennett will be equally if not more unresponsive in the Eastern District of Virginia than in the District of Maryland. The press of the United States Virgin Islands reports that Mr. Bennett was dismissed from his role as Commissioner of Property and Procurement because of ethical and contractual improprieties. *See* Ex. K. If that was indeed the reason for his dismissal, he may still be unemployed and unwilling to respond to any litigation in any district in the continental United States. In sum, the most convenient district to bring this action is the district where the dispute arose: the District of Maryland.

9. The security exception does not apply because Key Harbor has no property that secures it against the unpaid maritime rent owed by Mr. Bennett. The maritime vessels Key Harbor seeks to attach are on Key Harbor's property, but Key Harbor cannot secure itself until it formally attaches them under Supplemental Rule B.

---

[1] The copy of Mr. Bennett's license furnished with the maritime contract underlying this dispute indicates that it expired on October 9, 2020. Upon information and belief, Mr. Bennett renewed his license in the United States Virgin Islands, not in Virginia or in any other jurisdiction in the continental United States. *See* Ex. A at p. 3.

## PARTIES

10. Key Harbor d/b/a Jaws Marine is a Maryland limited liability company. It was registered on November 19, 2009, and remains in good standing. Its principal place of business is located in Maryland. Its principal office is located at 6100 Chemical Road, Curtis Bay, Maryland 21226.

11. YP 680 and YP 677 are wooden yard patrol vessels located in Maryland. They were originally commissioned by the United States Navy to serve as training vessels. They are now property owned and operated by Mr. Bennett. The circumstances of this case are unique because there is no third-party garnishee. Mr. Bennett's vessels are still moored at Key Harbor's facility; therefore, they are both the source of the debt of the underlying maritime contract in dispute *and* the effective garnishees in this case.

12. Mr. Bennett is an individual person as well as owner and operator of YP 680 and YP 677. Upon information and belief, he is ostensibly located at 14 Turnstone Court, Stafford, Virginia 22556 and 3-6C Bonne Esperance, St. Thomas, United States Virgin Islands 00802. Key Harbor has no actual knowledge, however, because Mr. Bennett fails to be responsive.

## FACTS

13. On December 11, 2018, Mr. Bennett executed a maritime contract with Key Harbor to lease dock space at Jaws Marine Facility, Key Harbor's commercial mooring facility. Jaws Marine Facility is located at 6100 Chemical Road, Curits Bay, Maryland 21226 (the "property"). The maritime contract's choice-of-law clause elected the law of Maryland. Ex. A at p. 2, ¶ 7.

14. The maritime contract authorized Mr. Bennett to store YP 680 and YP 677 for a two-month period: December 11, 2018, to February 11, 2019. Ex. A at p. 1, ¶ 1.

15. The maritime contract stipulated a monthly rent of $1,500.00 per boat, per month. The total sum anticipated to be due and owing at the end of the two-month period was $6,000.00. Ex. A. at p. 1, ¶ 1.

16. The maritime contract contained a liquidated damages clause. For every day that the vessels remained at the facility without a written agreement executed by both parties allowing Mr. Bennett to hold over, Mr. Bennett owed Key Harbor $50.00 per day. *See* Ex. A at p. 1, ¶ 2.

17. Mr. Bennett moored two vessels at Jaws Marine Facility: YP 680 and YP 677.

18. On February 11, 2019, the two-month rental period expired. Upon information and belief, the parties orally agreed that Mr. Bennett would hold over under the terms of the maritime contract. *See* Ex. A at p. 1, ¶ 2.

19. Mr. Bennett failed to make all monthly rent payments from November 2020 to present.

20. As of September 2021, the sum of unpaid rent owed by Mr. Bennett to Key Harbor is $25,500.00. *See* Ex. B.

21. YP 680 and YP 677 are still moored at Jaws Marine Facility. Mr. Bennett is in arrears and in the wind. He refuses to answer Key Harbor's repeated requests for payment.

## COUNT I: BREACH OF MARITIME CONTRACT

22. Key Harbor incorporates the above paragraphs as if fully set forth here.

23. Mr. Bennett breached his maritime contract with Key Harbor. Despite repeated requests for payment, Mr. Bennett refuses to comply.

24. Key Harbor requests judgment as set forth below.

## COUNT II: MARITIME ATTACHMENT & GARNISHMENT (RULE B)

25. Key Harbor incorporates the above paragraphs as if fully set forth here.

26. Key Harbor seeks maritime attachment against YP 680 and YP 677 so that it can obtain payment for the amounts owed by Mr. Bennett under the parties' maritime contract.

27. Neither Mr. Bennett nor anyone acting on his behalf posted security for Key Harbor's claims to date.

28. Mr. Bennett cannot be found within this District within the meaning of Rule B. Mr. Bennett has assets in this jurisdiction, including YP 680, YP 677, and their equipment, appurtenances, freights, bunkers, etc. Upon information and belief, he may have other assets as well. There are no equitable grounds to deny attachment.

WHEREFORE, Key Harbor respectfully requests the following relief:

   a. Under Count I, the Court grant Key Harbor's accompanying motion for maritime attachment and garnishment against YP 680 and YP 677, *quasi in rem*, in the amount of $25,500.00, the outstanding debt arising from unpaid rent under the maritime contract;

   b. The Court enter a writ of attachment and garnishment for Key Harbor against YP 680 and YP 677, *quasi in rem*, in the amount of $25,500.00, the outstanding debt arising from unpaid rent under the maritime contract;

   a. The Court grant Key Harbor's accompanying motion to serve as a substitute custodian of YP 680 and YP 677 in place of the United States Marshal under LAR(e)(11);

   b. Under Count II, since Mr. Bennett cannot be found within the jurisdiction of the District of Maryland under Supplemental Rule B to the Federal Rules of

Civil Procedure, the Court order process of maritime attachment and garnishment against all of Mr. Bennett's other tangible property, intangible property, or any other funds held by any other third party garnishee up to the amount of $25,500.00, and that all persons claiming any interest be cited to appear and answer Key Harbor's allegations under FED. R. CIV. P. SUPP. B(3); and

c. The Court award Key Harbor such other and further relief as deemed proper.

Dated: September 17, 2021          Respectfully Submitted,

_____/s/_____
Andrew H. Vance, Esq. (Bar No. 05287)
LAW OFFICE OF ANDREW H. VANCE
(signed by Joshua T. Carback with approval
from Andrew H. Vance)
77 East Main Street, Suite 401
Westminster, Maryland 21157
Email: constructionlaw@verizon.net
Phone: (410) 386-0727
Fax: (410) 386-0728

*Attorney for Key Harbor, LLC*

_____/s/_____
Joshua T. Carback, Esq. (Bar No. 21713)
LAW OFFICE OF ANDREW H. VANCE
77 East Main Street, Suite 401
Westminster, Maryland 21157
Email: constructionlaw@verizon.net
Phone: (410) 386-0727
Fax: (410) 386-0728

*Attorney for Key Harbor, LLC*

## **VERIFICATION**

Andrew H. Vance certifies as follows:

I, Andrew H. Vance, am principal of the Law Offices of Andrew H. Vance, LLC and retained as counsel for Plaintiff Key Harbor, LLC in this matter. The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records Key Harbor made available to me. As required by Supplemental Rule B(1)(b) to the Federal Rules of Civil Procedure, I caused a search to be made of electronic records and directory assistance for addresses and telephone numbers of Defendant Randolph Nathaniel Bennett in the United States District Court for the District of Maryland. There is no record of any general or resident agent authorized to accept service of process for Mr. Bennett in this District. I solemnly declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(1), that the foregoing is true and correct.

Date: September 17, 2021 _____/s/_____
Andrew H. Vance, Esq. (Bar No. 05287)
LAW OFFICE OF ANDREW H. VANCE
77 East Main Street, Suite 401
Westminster, Maryland 21157
Email: constructionlaw@verizon.net
Phone: (410) 386-0727
Fax: (410) 386-0728

*Attorney for Key Harbor, LLC*

**VERIFICATION**

Thomas A. Palacorolla certifies as follows:

    I, Thomas A. Palacorolla, am managing member of Plaintiff Key Harbor, LLC. The facts set out in the foregoing first amended verified complaint are true and correct. I certify under the penalty of perjury that the foregoing is true and correct.



Date: September 17, 2021

                              Thomas A. Palacorolla, Managing Member
                              Key Harbor, LLC
                              6100 Chemical Road
                              Curtis Bay, Maryland 21226